**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-25878-RAR**

**NELSON VASQUES,**

Petitioner,

v.

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,**

Respondent.
_______________________________/

**ORDER DISMISSING PETITION**

**THIS CAUSE** comes before the Court on *pro se* Petitioner Nelson Vasques's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), [ECF No. 1]. Respondent filed a Response to the Court's Order to Show Cause ("Response"), [ECF No. 8], arguing that Petitioner "failed to seek a custody redetermination hearing from an Immigration Judge" and therefore failed to exhaust available administrative remedies. Resp. at 1. Petitioner did not file a reply. *See generally* Dkt. After reviewing the parties' filings, the applicable law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Petition is **DISMISSED without prejudice** for the reasons stated below.

**BACKGROUND**

Petitioner is a native and citizen of El Salvador. *See* Record of Deportable/Inadmissible Alien, [ECF No. 8-1] at 1. "On an unknown date and at an unknown location, Petitioner unlawfully entered the United States without being admitted, inspected or paroled." Declaration of Deportation Officer Israel Villalobos ("Villalobos Decl.") ¶ 6, [ECF No. 8-2]. On April 14, 2014,

Immigration and Customs Enforcement ("ICE") issued Petitioner a Notice to Appear ("NTA"), charging him with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act. *Id.* ¶ 13. After several years of immigration proceedings, an Immigration Judge ("IJ") "administratively closed the case" on May 3, 2024. *Id.* ¶ 18.

On January 16, 2026, Petitioner was arrested by the St. Lucie County Sheriff's Office for driving with a suspended license. *Id.* ¶ 19. Petitioner was "convicted of that offense and sentenced to up to six months' confinement, with credit for 57 days' time served." *Id.* Following his release, Petitioner was "booked into ICE custody on May 15, 2026[.]" *Id.* ¶ 20.

In June and July 2026, ICE initiated additional proceedings before the Krome Immigration Court, through two separate NTAs. *See id.* ¶¶ 21–22. On July 1, 2026, an IJ terminated one NTA "due to improper service." *Id.* ¶ 21; *see also* July 2026 IJ Order, [ECF No. 8-7]. On September 2, 2026, an IJ dismissed another NTA because Petitioner had a previously administratively closed case before the Orlando Immigration Court. *See* Villalobos Decl. ¶ 24; September 2026 IJ Order, [ECF No. 8-10]. On October 5, 2026, the Orlando Immigration Court "granted DHS's motion to recalendar and transferred the case to the Krome Immigration Court." Villalobos Decl. ¶ 26. Respondent reports that Petitioner is detained at the Miami Federal Detention Center during the pendency of those removal proceedings. *Id.* ¶ 28.

The Clerk docketed the Petition on August 27, 2026, which, liberally construed, raises two claims for relief. *See generally* Pet.; *see also Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) ("[The Court] construe[s] *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." (alterations added; citation omitted)). *First*, Petitioner alleges that his continued immigration detention violates the Fifth Amendment's Due Process Clause because he has been held for "over 90 day[s] or 180 day[s] in custody[.]" Pet. at 6. He

asserts that Respondent failed to "provide a neutral decision make[r] to revi[ew] [his] continued custody" and that "there is no administrative mechanism to demand [a] decision." *Id. Second*, Petitioner alleges that he has been subjected to "medical negligence in custody," which he characterizes as a violation of his Eighth Amendment rights. *Id.* at 8. Petitioner acknowledges that he has not "appeal[ed] [a] decision, file[d] a grievance, or [sought] an administrative remedy." *Id.* at 2. He seeks immediate release from ICE custody, alternatively under an order of supervision. *See id.* at 7. Respondent maintains that Petitioner "has not requested a custody redetermination." Resp. at 5.

## LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## ANALYSIS

As an initial matter, Petitioner's detention is governed by 8 U.S.C. § 1226(a), which authorizes detention "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The Eleventh Circuit has explained that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026). Here, Petitioner entered the United States "without being admitted, inspected or paroled," Villalobos

Decl. ¶ 6, and he remains detained "during the pendency of his removal proceedings," *id.* ¶ 28. Accordingly, § 1226(a) governs Petitioner's detention.

**I. Petitioner Failed to Exhaust His Administrative Remedies.**

The Petition must be dismissed because Petitioner has failed to exhaust the administrative remedies available to challenge his continued immigration detention.

Although exhaustion in a § 2241 proceeding is not jurisdictional, "[t]he exhaustion requirement is still a requirement." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Thus, a court may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Id.* Because exhaustion is non-jurisdictional, however, a court may bypass the issue where "it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question." *Id.* Here, Respondent expressly asserts that Petitioner "has not pursued the administrative relief available to him and instead seeks relief in the first instance from this Court." Resp. at 5.

The administrative remedy Petitioner failed to pursue is prescribed by regulation. Under § 1226(a), bond-eligible immigration detainees "are generally entitled to a review of their custody determination (including whether they may be released on bond) at a hearing before an immigration judge." *Hernandez Alvarez*, 175 F.4th at 1263. A detainee may request an initial bond redetermination "orally, in writing, or, at the discretion of the Immigration Judge, by telephone." 8 C.F.R. § 1003.19(b). And an "appeal from the determination by an Immigration Judge may be taken to the Board of Immigration Appeals pursuant to § 1003.38." *Id.* § 1003.19(f).

Petitioner has not pursued that administrative process. Respondent maintains that he "has not requested a custody redetermination," Resp. at 5, and Petitioner has identified no such request

or subsequent IJ custody determination, *see generally* Pet. Although Petitioner has appeared in immigration proceedings, bond proceedings "shall be separate and apart from, and shall form no part of, any deportation or removal hearing or proceeding[,]" 8 C.F.R. § 1003.19(d). Accordingly, neither the orders terminating or dismissing the additional NTAs nor the recalendaring of Petitioner's removal proceedings establishes that he sought a bond redetermination. Indeed, although Petitioner asserts that "there is no administrative mechanism to demand [a] decision," Pet. at 6, but the regulations expressly permit him to seek an initial custody redetermination before an IJ, 8 C.F.R. § 1003.19(b).

Nor has Petitioner established that requesting an initial bond redetermination, or appealing an adverse custody determination to the BIA, would have been futile. *See generally* Pet. "[E]xhaustion is not required where no genuine opportunity for adequate relief exists." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982). In the immigration-detention context, courts have excused exhaustion where the agency's controlling position effectively predetermined the result of any request for bond or subsequent BIA appeal. *See e.g.*, *Castello-Casali v. Warden, Baker Cnty. Det. Ctr.*, No. 3:26-CV-451-JEP-SJH, 2026 WL 1601374, at *1 n.2 (M.D. Fla. June 4, 2026) (excusing exhaustion because the BIA had "conclusively determined" in *Matter of Yajure Hurtado* that immigration judges lacked authority to consider bond requests from similarly situated detainees, such that the BIA had "predetermined" the issue); *Gonzalez v. Warden, Glades Cnty. Corr. Ctr.*, No. 2:26-CV-1281-KCD-DNF, 2026 WL 1345910, at *1 n.2 (M.D. Fla. May 14, 2026) (excusing exhaustion where, before *Hernandez Alvarez*, "the agency's position was that interior aliens like Petitioner were simply ineligible" for a bond hearing).

That is not the situation here. In light of *Hernandez Alvarez*, Respondent acknowledges that "seeking administrative remedies, including requesting a bond hearing from an Immigration

Judge and pursuing appeal to the BIA, would not be futile here." Resp. at 7 (footnote omitted). The Court agrees with Respondent. Petitioner has identified no impediment preventing him from pursuing the available administrative process. *See generally* Pet.

Because Respondent properly asserted exhaustion and Petitioner failed to request an initial bond redetermination before an IJ, his due-process claim must be dismissed without prejudice. *See Santiago-Lugo*, 785 F.3d at 475.

**II. Petitioner's Inadequate-Medical-Care Claim Is Not Cognizable Under § 2241.**

Petitioner's remaining claim fares no better. Liberally construed, Petitioner alleges that Respondent violated his constitutional rights by failing to provide adequate medical care while he was detained. *See* Pet. at 8. But such claims are not cognizable under § 2241. *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim[.]"). Because Petitioner's allegations concern the conditions of his confinement rather than the legality or duration of his detention, he cannot obtain habeas relief on this basis. *Id.* Accordingly, his inadequate-medical-care claim is also dismissed without prejudice.

**CONCLUSION**

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, [ECF No. 1], is **DISMISSED without prejudice**.
2. All pending motions are **DENIED as moot**.
3. All deadlines are **TERMINATED**.
4. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of October, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: Nelson Vasques, *pro se*
counsel of record